Mr. Justice Thachee
delivered the opinion of the court.
A motion to quash the attachment in this case, because the attachment, bond, and affidavit, do not correspond to the law, was sustained in the circuit court.
The attachment was sued out under the act of 1844, ch. 15, entitled “ an act to extend the remedy by attachment and garnishment.” This act gives the remedy, as well as in other circumstances, when a debtor is concealing or about removing his effects so that the claim of a creditor will be defeated.
The language of the affidavit, in the present case, is, that the debtors “ are about removing from the state, or are so concealing their effects as to defeat the creditor’s claim.” In grammatical construction, the removal here has relation to the effects, and not to the debtors. The term effects is the object of the verb to remove. The affidavit is good and sufficient, with both or either of the allegations, for it might be impossible for a creditor to swear positively to either, while he might be apprized that one or the other cause in fact existed. But even if a different construction be given to this affidavit, and it be admitted that the removal has relation to the debtors, and not to the *414 effects, we are not prepared to say that such an affidavit would vitiate the attachment. In suing out an attachment, the affidavit must contain a sufficient allegation, but should it contain more than sufficient, it would hardly be fatal on that account.
In reference to the objection that the writ of attachment is not under the seal of the justice of the peace issuing it, it needs only be said that it has a scroll with the word “ seal” written therein, in the locus sigilli. This circumstance, under one decision in Whittington v. Clarke, 8 S. & M. 480, was enough to establish the writ as being under seal.
The objection as to the variance between the declaration and bond is immaterial.
Judgment reversed, and cause remanded for further proceedings.